



# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 22, 1957

Honorable J. B. Walling, Chairman
Common Carriers Committee
House of Representatives
Austin, Texas

Dear Mr. Walling:

Opinion No. WW-141

Re: Constitutionality of
Senate Bill 100, as
amended, relating to
passenger service on
railroads.

   This is in answer to your request for an opinion from this office as to the constitutionality of Senate Bill 100. This Bill seeks to amend Article 6479, Vernon's Civil Statutes, by providing:

  "2. It shall be the duty of the Commission to see that upon each railroad in this State carrying passengers for hire there shall be run at least one train each day, Sundays excepted, upon which passengers shall be hauled; provided, however, the Commission may, in its discretion, upon application filed and after notice and hearing, relax such requirement as to any railroad, or part, portion or branch thereof, when (1) in its opinion, public convenience permits of such relaxation, and _may_ relax such requirement when it appears upon such hearing that the running of one train each day, Sundays excepted, is not necessary in the rendition of adequate service to the public; or (2) that on any railroad, or part, or portion or branch thereof, passenger service as frequent as one train each day, Sundays excepted, with the passenger traffic offered and reasonably to be expected, does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service; provided, however, that public convenience shall always be a superior consideration in determining whether or not the requirement of running at least one passenger train a day may be relaxed; . . ."

   The portion of Article 6479 sought to be amended provides:

  "2. It shall be the duty of the Commission to see that upon each railroad in this State carrying passengers for hire there shall be run at least one train each day, Sundays excepted, upon which passengers shall be hauled; provided, however, the Commission may, in its discretion, upon application filed and after notice and hearing, relax such requirement as to any railroad, or part, portion or branch thereof, when, in its opinion, public convenience permits of such relaxation,

and shall relax such requirement when it appears upon such hearing that the running of one train each day, Sundays excepted, is not necessary in the rendition of adequate service to the public, or that on any railroad, or part, or portion or branch thereof, passenger service as frequent as one train each day, Sundays excepted, with the passenger traffic offered and reasonably to be expected, does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service; . . ."

Under the proposed amendment the Railroad Commission is authorized, but not required, to relax the requirement of running at least one train each day, Sundays excepted, in two situations: (1) where public convenience permits or where such service is not necessary in the rendition of adequate service to the public, and (2) where the passenger traffic does not and will not pay the cost of such service plus a reasonable return.

The constitutional problem stems from the proviso to the second situation providing that public convenience shall always be a superior consideration in determining whether or not the requirement of running at least one passenger train a day may be relaxed. This provision is most ambiguous, however, we interpret it to mean that when the Commission finds that public convenience requires the continued service, but that the cost of such service will not pay for itself, the Commission must give greater weight to the public convenience in determining whether it should permit the relaxation of the one train a day requirement. Such a provision does not render Senate Bill 100 unconstitutional on its face.

The railroads in the exercise of their public functions as common carriers are subject to reasonable regulations by the State. As such, the railroads can be required to furnish services and facilities reasonably adequate to satisfy the public needs. Such authority by the State may extend to requiring the running of trains in addition to those provided by the carrier even where this may involve some pecuniary loss. See Mississippi Railroad Commission v. Mobile and Ohio Railroad Co., 244 U.S. 388.

Under the 1925 statutes and court decisions relating to the abandonment of railroads once in operation, it was well settled that the Legislature could require the railroads to continue passenger service regardless of loss in operation. See State v. Enid, O. and W. Ry. Co., 108 Tex. 239, 191 S.W. 560; State v. Sugarland R. Co., 163 S.W. 1047. In 1927 the Legislature amended Article 6479 to provide that the Commission could, in its discretion, relax the requirement as to passenger service by a certain class of railroads. In 1933, the Legislature further amended Article 6479 permitting passenger service to be relaxed under conditions stated in the current statute.

Since before 1933 the Legislature could require daily passenger service regardless of whether the service was profitable, we are of the opinion that the Legislature can require the operation of daily passenger service whenever the public convenience requires it, provided that the Railroad is permitted to make a reasonable profit on its overall operations.

As to the effect of an amendment providing for trial de novo in appeals from orders of the Railroad Commission under this statute, such an amendment would have no effect whatsoever upon appeals from orders of the Railroad Commission under other statutes.

## SUMMARY

Senate Bill 100, seeking to amend Article 6479, V.C.S., in its present form is constitutional. The amendment would require the Commission to give a greater weight or priority to the consideration of the public convenience than to the cost of rendering such service when the Commission is seeking to determine whether or not to relax the requirement of operating at least one passenger train a day. Appeals trial de novo under this statute would have no effect whatsoever upon appeals from orders of the Railroad Commission under other statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _Edward A. Cazares_
Edward A. Cazares
Assistant

EAC:dhs

APPROVED:
OPINION COMMITTEE:

James N. Ludlum, Chairman
Wayland C. Rivers, Jr.
James W. Wilson
Robert O. Smith

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Geo. P. Blackburn